UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PETROQUEST ENERGY L L C**            **CASE NO.  3:23-CV-01318**

**VERSUS**                                                **JUDGE TERRY A. DOUGHTY**

**DEB HAALAND ET AL**                        **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Plaintiff PetroQuest Energy LLC ("PetroQuest") filed a Complaint[1] against the United States Department of the Interior ("DOI"), Deb Haaland, Secretary of the DOI ("Haaland"), and Howard Cantor, Director of the Natural Resources Revenue of the DOI ("Cantor") under the Administrative Procedures Act, the Federal Oil and Gas Royalty Management Act, the Outer Continental Shelf Lands Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

The present action was originally filed in the Monroe Division of the Western District of Louisiana. Pursuant to 28 U.S.C. § 1404(a) "for the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court, sua sponte, undertakes that review for the purposes of determining whether this matter should be transferred to the Lafayette Division of the Western District of Louisiana.[2]

---

[1] [Doc. No. 1]

[2] This Court will also sua sponte consider transfer from the Monroe Division to the Lafayette Division of the Western District of Louisiana in six other similar cases: 3:23-1230; 3:27-1231; 3:23-1314; 3:23-1317; 3:23-1318; and 3:23-1324.

**I.     BACKGROUND**

PetroQuest challenge certain decisions by the Defendants to deny PetroQuest's refund requests and adjustments, and associated "requests to exceed."

PetroQuest is alleged to be a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana.

For the reasons set forth herein, this matter is internally **TRANSFERRED** to the LAFAYETTE Division of the Western District of Louisiana, and it is **ASSIGNED** to DISTRICT JUDGE DAVID C. JOSEPH and MAGISTRATE JUDGE DAVID J. AYO.

**II.    LAW AND ANALYSIS**

The general venue statute 28 U.S.C. § 1391 does not distinguish between divisions, only by judicial districts. A previous divisional statute in 28 U.S.C. § 1393 was repealed in 1988. The purpose in repealing 28 U.S.C. § 1393 was not to prohibit divisional venue, but to require it. *Jordon v. Bowman Apple Products Co. Inc.*, 728 F. Supp. 409 (W.D. Va. 1990). The WDLA does not have a Local Rule that spells out venue for divisions but has set up five Administrative Divisions.[3]

Therefore, this matter is governed by 28 U.S.C. § 1404(a) which states "for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A transfer under 28 U.S.C. § 1404(a) requires a determination that the plaintiff could have originally brought the action in the transferee court. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). ("Volkswagen I"). After this initial showing has been made, the court must find "good cause" for why the case should be transferred. *Id*. A review of the relevant private and public

---

[3] L. R. 77.3

interest factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 505, 508 (1947) ("*Gilbert*") is necessary to determine whether the transferee district is a more convenient venue. *Volkswagen II*, 545 F.3d 304, 315 (5th Cir. 2008).

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) other pretrial problems that make the trial of the case easy, expeditious, and inexpensive. *Id.*

The public interest factors are: (1) the administrative difficulties flowing from court congregation; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the evidence of unnecessary problems of conflict of laws in the application of foreign law. *Id.*

### A. Where It Might Have Been Brought

The first step of 28 U.S.C. § 1404(a) requires the transferee court be a court where the suit "might have been brought" by plaintiffs. In this case, the WDLA is a correct venue, and the lawsuit could have been filed in any division. Therefore, this lawsuit could have been brought in the Lafayette Division of the WDLA.

### B. Private Interest Factors

The private interest factors are (1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other pretrial problems that make the trial of the case easy.

Factors 1 and 4 are neutral. PetroQuest is located in Lafayette, Louisiana. Monroe, Louisiana is located 183 miles from Lafayette. Therefore, Factors 2 and 3 weigh in favor of transfer. Factor 3 is often recognized as the most important factor to be considered. *Nexen*

3

*Petroleum U.S.A. Inc., v. Enesco Offshore Co.*, 2015 WL 6511879 (W.D. La., October 27, 2015) at 4. Overall, the private interest factors weigh in favor of transfer to the Lafayette Division of the WDLA. No parties are located in the Monroe Division.

### C. Public Interest Factors

The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the cases; and (4) the evidence of unnecessary problems of conflict of laws in the application of foreign law.

Factor 4 is not applicable. Factors 1 and 3 are neutral. Factor 2 weighs in favor of the transfer because many of the leases are offshore from parishes in the WDLA Lafayette Division. Overall, the public interest factors weigh in favor of the transfer.

### D. Judge Assigned

Judge Elizabeth E. Foote, Magistrate Judge Kayla D. McClusky, Judge David C. Joseph, and Magistrate Judge David J. Ayo have consented to the transfer and assignment.

## III. CONCLUSION

For the reasons set forth herein, the *Gilbert* factors weigh in favor of the transfer of this matter from the Monroe Division to the Lafayette Division of the WDLA. Accordingly,

**IT IS ORDERED** that this proceeding be transferred from the Monroe Division of the WDLA to the Lafayette Division of the WDLA.

**IT IS FURTHER ORDERED** that this case be assigned to U. S. District Judge David C. Joseph and to U.S. Magistrate Judge David J. Ayo.

MONROE, LOUISIANA, this 26th day of October 2023.

_____
**TERRY A. DOUGHTY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**